UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HENRY L. HARRIS, | ) | |
| Plaintiff(s), | ) | No. C 05-1286 BZ |
| v. | ) | **BRIEFING ORDER** |
| JOHN E. POTTER, U.S. Postmaster General, | ) | |
| Defendant(s). | ) | |

On March 28, 2007 the court issued its Findings of Fact following the evidentiary hearing.  In view of those Findings, **IT IS ORDERED** as follows:

If defendant wishes, he may re-notice his motion for summary judgment by **April 9, 2007,** accompanied by a memorandum addressing the Findings of Fact.  Defendant need not re-file the documents filed in support of his previous motion but may cite to those documents where appropriate.  If defendant files such a motion, plaintiff must file an opposition on or before **April 23, 2007.**  Plaintiff also need not re-file any supporting documents but shall cite to plaintiff's earlier

1

filed documents as appropriate.[1]  Any reply shall be filed by **April 30, 2007.**  The court will then schedule a hearing if one is required.

If defendant elects not to re-notice its motion for summary judgment, the court will schedule a status conference for the purpose of setting a pretrial and trial schedule.

Dated: March 29, 2007

                                              Bernard Zimmerman
                             United States Magistrate Judge

G:\BZALL\-BZCASES\HARRIS\briefing order.3.30.07.wpd

---

[1] Plaintiff is advised that "[a] motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case .  Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party . . . makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony) . . . you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the [party's] declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial." Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998).

2